UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re SKYLINE CONCRETE FLOOR
CORP.,

     Debtor.

_____/

901 L.L.C., a Michigan limited liability
company, and WINTER P.L.C., a Michigan
professional limited liability company,         Case No. 07-14580
          Honorable Patrick J. Duggan
     Plaintiffs/Counter-Defendants,

v.         Bankr. Case No. 07-54154
         Chapter 11
SKYLINE CONCRETE FLOOR CORP.,         Honorable Marci B. McIvor

     Defendant/Counter-Plaintiff,         Adversary Proc. No. 07-6575

and

WINTER & ASSOCIATES, P.L.C., a
Michigan professional corporation, and
STEPHEN D. WINTER,

     Third-Party Defendants.

_____/


**OPINION AND ORDER GRANTING 901's**
**MOTION TO WITHDRAW REFERENCE**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on January 8, 2008.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
           U.S. DISTRICT COURT JUDGE

Presently before the Court is Plaintiff 901 L.L.C.'s ("901") Motion to Withdraw Reference of this adversary proceeding to the Bankruptcy Court. 901's motion has been fully briefed, and on December 28, 2007, the Court sent the parties a notice stating that the Court is dispensing with oral argument on 901's motion. *See* E.D. Mich. LR 7.1(e)(2).

## I.    Background

On July 20, 2007, Skyline Concrete Floor Corp. ("Skyline") initiated a bankruptcy proceeding pursuant to Chapter 11 of the Bankruptcy Code. At the time Skyline filed its bankruptcy petition, Skyline was a defendant and counter-claimant in a lawsuit filed by 901 on June 19, 2006 in the Oakland County Circuit Court.[1]

The lawsuit in the Oakland County Circuit Court arose out of a construction contract between 901, as owner of an office building located at 901 Livernois Street in Ferndale, Michigan, and Skyline, as the contractor hired to perform certain renovations to the building owned by 901. 901's state court complaint asserted the following claims: (1) breach of contract; (2) breach of warranty; (3) fraud; (4) trespass; and (5) slander of title. In addition to answering 901's state court complaint and disputing liability, Skyline filed a counter-claim against 901 and a third-party complaint against Stephen Winter, co-owner of 901, and Mr. Winter's law firm, Winter, P.L.C., seeking damages for breach of contract and foreclosure of an alleged $23,557.10 construction lien. 901's state court lawsuit was scheduled for a jury trial on July 31, 2007. The Oakland County Circuit

---

[1]901 filed subsequent claims against Skyline in the Oakland County Circuit Court, which were consolidated with its original claims.

Court stayed the case as a result of the filing of Skyline's bankruptcy petition.

On October 24, 2007, 901 initiated this adversary proceeding asserting claims identical to those asserted in its state court lawsuit. On October 26, 2007, 901 filed the present motion seeking to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d) "for the limited purpose of having [this] Court conduct a jury trial of the causes of action asserted in this adversary proceeding." (901's Br. at 1.) 901 maintains that it does not consent to the Bankruptcy Judge presiding over a jury trial on the claims asserted in this adversary proceeding. Moreover, 901 states that prior to filing the present motion, 901 filed a Motion for Relief from the Automatic Stay shortly after Skyline initiated the Chapter 11 proceedings. Eastern District of Michigan Bankruptcy Judge Marci B. McIvor denied 901's Motion for Relief from the Automatic Stay.

## II.     Applicable Law and Analysis

Congress has authorized the district courts to refer "any or all" bankruptcy related proceedings to bankruptcy judges for their district. 28 U.S.C. § 157(a). Consistent with this directive, Eastern District of Michigan Local Rule 83.50 provides that "[u]nless withdrawn by a district judge, all cases under Title 11 of the United States Code and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to bankruptcy judges." E.D. Mich. LR 83.50(a)(1). Pursuant to 28 U.S.C. § 157(d), "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." Accordingly, the dispositive issue before the Court is whether 901 has demonstrated sufficient "cause" to withdraw the reference to the Bankruptcy Court.

The statute does not define "cause shown" for the purposes of withdrawing a

reference to a bankruptcy court. *See Ventura Holdings Co., LLC v. Millard Design

Australia Pty., Ltd.*, No. 05-73621, 2006 U.S. Dist. LEXIS 12776, at *3 n.1 (E.D. Mich.

March 6, 2006). Nor has the Sixth Circuit addressed the issue. *See id.* Nonetheless, the

Circuit Courts of Appeals that have addressed what constitutes sufficient "cause" to

withdraw a reference have set forth the following factors a district court may consider:

> (1) whether the claim is core or non-core, (2) what is the most
> efficient use of judicial resources, (3) what is the delay and
> what are the costs to the parties, (4) what will promote
> uniformity of bankruptcy administration, (5) what will
> prevent forum shopping, and (6) other related factors.

*South St. Seaport Ltd. Pshp. v. Burger Boys (In re Burger Boys)*, 94 F.3d 755, 762 (2d

Cir. 1996). Of these factors, the first is the most important. *See id.*

The parties dispute whether this adversary proceeding is a core or non-core

proceeding. 901 argues that all of the claims in this adversary proceeding involve rights

created by state law and are thus non-core. In so arguing, 901 emphasizes that the claims

in this adversary proceeding were originally filed in state court prior to Skyline's

commencement of the bankruptcy proceeding. Skyline contends that this is a core

proceeding. More specifically, Skyline argues that the claims in this adversary

proceeding, including Skyline's counter-claim, will "affect the liquidation of the estate or

the adjustment of the debtor-creditor . . . relationship," *see* 28 U.S.C. § 157(b)(2)(O),

because "901 is largest, non-insider creditor in Skyline's Chapter 11 proceedings."

(Skyline's Br. at 7.)

This Court does not believe the claims in this adversary proceeding are core. As

stated by the Sixth Circuit, "[i]f the proceeding does not invoke a substantive right

created by federal bankruptcy law and is one that could exist outside of the bankruptcy,

then it is not a core proceeding." *Michigan Employment Sec. Comm'n v. Wolverine*

*Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1144 (6th Cir. 1991).  In this

case, all of the claims asserted in this adversary proceeding do not invoke substantive

rights created by federal bankruptcy law and could exist outside of the bankruptcy.

Indeed, claims identical to those in this adversary proceeding were pending in the

Oakland County Circuit Court and set for trial prior to the commencement of Skyline's

Chapter 11 proceeding.  Therefore, the Court concludes that the claims involved in this

adversary proceeding are non-core.

Related to the second factor is the issue of whether 901 is entitled to a jury trial on

the claims in this adversary proceeding.[2]  "This plainly can constitute 'cause' for

withdrawing a reference, because the Bankruptcy Court is not authorized to conduct a

jury trial, at least under the law of this Circuit (and most others)." *Wilhelm Karmann*

*GmbH v. Dura Convertible Sys., Inc. (In re Collins & Aikman Corp.)*, No. 06-11512,

2006 U.S. Dist. LEXIS 39669, at \*3 (E.D. Mich. June 15, 2006)(citing *Rafoth v. Nat'l*

*Union Fire Ins. Co. (In re Baker & Getty Fin. Servs.)*, 954 F.2d 1169, 1172-73 (6th Cir.

1992)).  This limitation may be waived "with the express consent of all the parties," 28

U.S.C. § 157(e), but 901 states in the present motion that it will not give such consent.

Consequently, the fact that this Court can conduct a jury trial on the claims involved in

---

[2] Upon filing its motion to withdraw, 901 filed a jury demand.

this adversary proceeding weighs in favor of withdrawing the reference to the Bankruptcy Court. Therefore, the Court finds that withdrawing the reference with respect to this adversary proceeding would be the most efficient use of judicial resources.

Skyline argues that refusing to consent to a jury trial in the Bankruptcy Court is insufficient in and of itself to withdraw a reference, citing *In re Am. Capital Equip., LLC*, 324 B.R. 570, 573 (Bankr. W.D. Pa 2005)("[A]ssertion of a Seventh Amendment right to a jury trial, coupled with a refusal to consent to such trial before the Bankruptcy Court is not of itself sufficient cause to justify discretionary withdrawal."), *In re Enron Corp.*, 295 B.R. 21, 28 (Bankr. S.D.N.Y. 2003)("The case law is clear that 'a district court is not compelled to withdraw a reference simply because a party is entitled to a jury trial.'"), and *In re Kenai Corp.*, 136 B.R. 59, 61 (Bankr. S.D.N.Y. 1992)("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme governing the relationship between the district courts and bankruptcy courts."). In two of the cases relied on by Skyline, the courts acknowledged, at least implicitly, that it may be proper to withdraw a reference when a jury trial is necessary. *See In re Enron Corp.*, 295 B.R. at 28 ("Courts have also recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial."); *In re Kenai Corp.*, 136 B.R. at 61 (stating that withdrawal of a reference may be appropriate "if and when the case becomes trial ready"). Unlike the cases relied on by Skyline, the claims in this

adversary proceeding, including Skyline's counter-claim, were scheduled for trial in the Oakland County Circuit Court prior to the commencement of Skyline's bankruptcy. Consequently, the Court finds the reasoning of these cases unpersuasive.

The third factor also weighs in favor of withdrawing the reference. Discovery on the claims that now form the basis for this adversary proceeding is complete, and when this case was pending before the Oakland County Circuit Court, it was scheduled to go to trial on July 31, 2007. Consequently, withdrawing the reference will not cause delay or result in additional discovery costs to the parties.

With respect to the fourth factor, Skyline contends that "this matter may affect [its] ability to propose and obtain confirmation of a Chapter 11 plan of reorganization." (Skyline's Br. at 10.) Because the claims in this adversary proceeding are non-core and the Bankruptcy Court, without the consent of the parties, is unable to conduct a jury trial, this Court does not believe that the potential effect the withdrawal of the reference may have on uniformity of the bankruptcy case administration is sufficient to override the reasons in favor of withdrawal.

With respect to the fifth factor, Skyline contends that 901 is forum shopping. This Court disagrees. 901 is entitled to a jury trial on the claims asserted in this adversary proceeding. 901 attempted to lift the automatic stay imposed as a result of Skyline's filing of a bankruptcy petition so that the Oakland County Circuit Court could preside over a jury trial. 901's attempt was unsuccessful and it now seeks a jury trial over the claims involved in this adversary proceeding, a right this Court believes was properly invoked. Consequently, this Court does not believe that 901 is forum shopping.

7

## III.  Conclusion

Having considered the relevant factors and in light of the fact that this case is ready for a jury trial, the Court concludes that pursuant to 28 U.S.C. § 157(d) withdrawal of the reference to the Bankruptcy Court with respect to the claims in this adversary proceeding is appropriate under the circumstances.

Accordingly,

**IT IS ORDERED** that 901's Motion to Withdraw Reference is **GRANTED**.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Robert A. Peurach, Esq.
Debra B. Pevos, Esq.
Hon. Marci B. McIvor