UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re SKYLINE CONCRETE FLOOR CORP., | Bankr. Case No. 07-54154<br>Chapter 11<br>Honorable Marci B. McIvor |
| Debtor. | |
| _____/ | |
| 901 L.L.C., a Michigan limited liability company, and WINTER P.L.C., a Michigan professional limited liability company, | |
| Plaintiffs/Counter-Defendants, | |
| v. | Case No. 07-14580<br>Honorable Patrick J. Duggan |
| SKYLINE CONCRETE FLOOR CORP., | |
| Defendant/Counter-Plaintiff, | Adversary Proc. No. 07-6575 |
| and | |
| WINTER & ASSOCIATES, P.L.C., a Michigan professional corporation, and STEPHEN D. WINTER, | |
| Third-Party Defendants. | |
| _____/ | |

**OPINION AND ORDER DENYING 901's MOTION TO REINSTATE CLAIM**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on April 8, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
            U.S. DISTRICT COURT JUDGE

On January 8, 2008, this Court granted Plaintiff 901, L.L.C.'s ("901") Motion to

Withdraw Reference of this adversary proceeding to the Bankruptcy Court. Presently before the Court is 901's "Motion to Reinstate a Claim" filed on March 3, 2008.

## I. Background

On July 20, 2007, Skyline Concrete Floor Corp. ("Skyline") initiated a bankruptcy proceeding pursuant to Chapter 11 of the Bankruptcy Code. At the time Skyline filed its bankruptcy petition, Skyline was a defendant and counter-claimant in a lawsuit filed by 901 on June 19, 2006 in the Oakland County Circuit Court. The lawsuit in the Oakland County Circuit Court arose out of a construction contract between 901, as owner of an office building located at 901 Livernois Street in Ferndale, Michigan, and Skyline, as the contractor hired to install "architectural" concrete floors, a parking lot, driveway approaches, and sidewalks at 901's office building. Although discovery was completed and the parties' lawsuit was scheduled for trial, the lawsuit in the Oakland County Circuit Court was automatically stayed as a result of Skyline's filing for bankruptcy.

According to 901, in the parties' previous state court lawsuit, "Skyline sought to blame the floors' problems on damage it claimed was caused by 'other trades' who had worked in the building." (901's Mot. ¶ 2.) Villanova Construction Co., Inc. ("Villanova") was a "primary contractor on the site, with the responsibility for plumbing, heating and electrical work, replacement of the roof, windows and doors, painting, rough carpentry, etc." (*Id.* ¶ 3.) As a result of Skyline's claim that "other trades" caused the floors' problems, "901 withheld part of the payment otherwise due to Villanova." (*Id.* ¶ 4.) Villanova then initiated an action in the Oakland County Circuit Court against 901, which counterclaimed against Villanova. The dispute between 901 and Villanova was

2

ultimately consolidated with the dispute between 901 and Skyline.

Because the dispute between 901 and Skyline was automatically stayed as a result of Skyline's filing for bankruptcy, 901 and Villanova agreed to dismiss their claims without prejudice, allowing 901's claim against Villanova to be refiled at a later date. (*See* 901's Mot. Ex. 2 ¶ 6.) 901 and Villanova's agreement was memorialized in a stipulation and the Oakland County Circuit Court entered an order in conformity with this stipulation. (*See generally id.*) Villanova also consented "to jurisdiction and venue in whatever court is ultimately selected to try 901's claim against Skyline, including, without limitation, the United States Bankruptcy Court for the Eastern District of Michigan, the Federal District Court for the Eastern District of Michigan, and Oakland County Circuit Court." (*Id.* ¶ 8.)

### III. 901's Motion to Reinstate a Claim

"901 moves for reinstatement of its claim against Villanova, and consolidation of that claim with the above captioned action." (901's Mot. ¶ 9.) 901 contends that pursuant to 28 U.S.C. § 1738,[1] this Court should give full faith and credit to the order

---

[1]Title 28 U.S.C. § 1738 provides:

> The Acts of legislature of any State, Territory, or Possession of the United States, or copies thereof, shall be authenticated by affixing the seal of such State, Territory or Possession thereto.
>
> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said

entered in the Oakland County Circuit Court based on the stipulation of 901 and Villanova. 901 asserts that Villanova consented to jurisdiction in this Court.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994)(citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37, 112 S. Ct. 1076, 1080 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S. Ct. 1326, 1331 (1986)). Even if the issue is not raised by a party, a federal court "has an independent obligation to determine whether [it] has subject matter jurisdiction." *Todd v. Weltman, Weinberg, & Reis Co., LPA*, 434 F.3d 432, 435 (6th Cir. 2006); *see also Sault Ste. Marie Tribe of Chippewa Indians v. Granholm*, 475 F.3d 805, 811 (6th Cir. 2007). The party invoking a federal court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 970 (6th Cir. 2006).

As stated above, 901 argues that this Court has subject matter jurisdiction over its dispute with Villanova because Villanova consented to jurisdiction in this Court. However, "[s]ubject matter jurisdiction cannot be conferred by consent of the parties." *Alongi v. Ford Motor Co.*, 386 F.3d 716, 728 (6th Cir. 2004)(citing *Ammex, Inc. v. Cox*,

---

attestation is in proper form.

> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

351 F.3d 657, 702 (6th Cir. 2003). Therefore, 901 has failed to satisfy its burden of showing that this Court has subject matter jurisdiction to "reinstate" its claim in this Court against Villanova.

Moreover, even if this Court could exercise subject matter jurisdiction over the dispute between 901 and Villanova, this Court would nonetheless deny 901's motion to "reinstate" its claim against Villanova. At the Final Pretrial Conference held on April 3, 2008, counsel for 901 agreed that if it should prevail on its claims against Skyline, it may not need to pursue its claim against Villanova. Counsel for 901 also agreed that its claim against Villanova may become necessary to pursue only if Skyline prevails in its defense that "other trades" were the cause of the floors' problems. Nevertheless, counsel for 901 acknowledges that should Skyline prevail on this defense, there is nothing preventing 901 from pursuing its claim against Villanova. Therefore, this Court is not persuaded that it is necessary to "reinstate" 901's claim against Villanova and consolidate 901's claim with the above-captioned action.

Accordingly,

**IT IS ORDERED** that 901's Motion to Reinstate Claim is **DENIED**.

                                       s/PATRICK J. DUGGAN
                                       UNITED STATES DISTRICT JUDGE

Copies to:
Stephen Winter, Esq.
Cheryl A. Bush, Esq.
Debra B. Pevos, Esq.
John T. Peters, Jr., Esq.